New Castle and Delaware City Railway Company,

*vs.*

The Delaware Railroad Company.

*New Castle, Sept. T.* 1899.

Under section 116 of the General Corporation Law a railway company will be permitted to construct its line across a steam railroad at grade when it appears by satisfactory proof that an overhead or undergrade crossing at the point of intersection is not practicable.

In such case the decree will prescribe the specific method of constructing the crossing necessary to insure safety, and the appliances essential therefor, which, with the attendance required for their operation, will be at the charge and expense of the company making the application.

Bill in Equity to Establish a Grade Crossing.— The complainant was a railway company organized under the General Corporation Law of this State to construct and operate a line of railway from New Castle to Delaware City. A survey of the route had been filed in the office of the Secretary of State, under section 112 of said law.

The City Council of New Castle, under section 113 of said law, had authorized the complainant to construct, maintain and operate its railway on Seventh Street, from its intersection with South Street in the City of New Castle.

It was alleged in the bill that it was impracticable and impossible for the complainant to crosss the line of the Delaware Railroad Company at its intersection with the complainant's own line, at a distance of about two hundred feet from the point of beginning of complainant's railway, otherwise than at grade.

The bill was filed October 20, 1899, and on January 1, 1900, the respondent filed its answer admitting all the allegations of the bill, except that it was impracticable to cross the respondent's railroad otherwise than at grade. This allegation the answer did "not admit to be true." Testimony was

taken on the part of the complainant, in whose behalf two civil engineers of experience in railroad construction testified that it was impracticable to build the complainant's railway over and across the respondent's line of railroad by either an overhead or undergrade crossing.    The respondent offered no evidence.

The cause came to a hearing January 16, 1900. .

*Peter L. Cooper, Jr.,* for the complainant. .

*John Biggs,* for the respondent.

THE CHANCELLOR was of opinion that it was satisfactorily proved that an overhead or undergrade crossing at the intersection of the two lines on Seventh Street in the City of New Castle was not practicable within the meaning of the statute, and that the permission to make the grade crossing prayed for in the bill should be granted, upon condition that the crossing should be constructed in such manner as to insure safety, with the appliances shown to be essential therefor, which with the attendance required for their operation should be at the charge and expense of the company making the application, and he directed a decree accordingly.

The following decree was entered in this case:

"And now, to wit, this Sixteenth day of January, A. D. Nineteen Hundred, the above case coming on to be heard upon bill, answer, and proofs presented on behalf of the Complainant (the Defendant having submitted itself without offer of proofs) and the same having been duly argued by counsel, and maturely considered by the Chancellor, it is thereupon ordered, adjudged and decreed that the New Castle and Delaware City Railway Company, the above named Complainant, be permitted to cross at grade the right of way and tracks of The Delaware Railroad Company, the Defendant, on Seventh Street in the City of New Castle, New Castle County and State of Delaware, at the point where the line of the said Railway Company crosses the right of way and tracks of the said Railroad Company (as shown bv the survey of the line of the said Railway Company deposited in the office of the Secretary of State of Delaware) it appearing, by proofs offered by the complainant and satisfactory to the Chancellor, that

Decree.

an overhead or undergrade (or underground) crossing at the above named place on the said Seventh Street is not practicable.

"And it is further ordered and decreed, by the Chancellor, that the said New Castle and Delaware City Railway Company in so crossing as aforesaid the right of way and tracks of the said The Delaware Railroad Company at the place named on the said Seventh Street, in the said City of New Castle shall so construct its railway track or tracks, as that on each side of the right of way of the said The Delaware Railroad Company at the said crossing, and at safe and convenient distance therefrom, there shall be a disconnection in each rail of the said railway tracks capable of being connected by means of a switch arrangement whereby the said railway tracks may be made continuous for the passage of the cars of the said Railway Company over the right of way and tracks of the said Railroad Company, which shall be operated at the expense of the said Railway Company by a competent agent of the said Railway Company, who shall always be on duty at said crossing for this purpose.

"And it is further ordered and decreed that the costs in the said case be paid by the Complainant within three months or that attachment issue.

"Costs taxed at the sum of Fifty-nine Dollars and Seven Cents ($59.07)."